Filed 7/19/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S192751 |
| v. | ) | |
| | ) | Ct.App. 2 B222399 |
| JAMMAL HANEEF YARBROUGH, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. PA065170 |
| _____ | ) | |

Burglary is committed when a person "enters any . . . building" with the intent of committing "larceny or any felony."  (Pen. Code, § 459; further statutory references are to the Penal Code.)  In *People v. Valencia* (2002) 28 Cal.4th 1, 11 (*Valencia*), this court held that a building is entered when the building's "outer boundary" is crossed.  A building's outer boundary, *Valencia* said, encompasses "any element that encloses an area into which a reasonable person would believe that a member of the general public could not pass without authorization."  (*Ibid.*) An "unenclosed balcony," *Valencia* noted, would not satisfy that test because such a balcony cannot be "reasonably" viewed as being "part of the building's outer boundary."  (*Id.* at p. 12, fn. 5, italics deleted.)

Here, defendant was charged with residential burglary after climbing onto a second-story apartment's private balcony, which was surrounded by a metal railing some four feet in height and accessible only through the single bedroom's sliding glass door.  The trial court instructed the jury that such a balcony was

within the apartment's outer boundary, and the jury convicted defendant. The Court of Appeal reversed, relying on a footnote in *Valencia*, *supra*, 28 Cal.4th 1, 12, stating that an "unenclosed balcony" is not within a dwelling's outer boundary. (The Court of Appeal did not explain why it considered the second-floor balcony in this case to be "unenclosed.")

We granted the Attorney General's petition for review and now reverse the Court of Appeal's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

Salvador Deanda and his family lived in a one-bedroom unit on the second floor of an apartment building. The bedroom had a sliding glass door opening onto a balcony that was five feet wide by three feet deep and surrounded by a metal railing that Deanda, an adult, said came to his stomach. The balcony's floor was eight or nine feet above the ground.

On August 5, 2009, two bicycles were on the balcony and visible from the street. Around midnight, Deanda was awakened by the barking of his dog. He saw defendant standing on the balcony outside its railing. The toes of defendant's shoes protruded under the railing, and defendant's fingers were clutching the top of the railing. Deanda grabbed a stick and rushed at defendant, who either fell or jumped to the ground.

At defendant's trial for residential burglary (Pen. Code, §§ 459, 460, subd. (a)), the trial court instructed the jury on the elements of burglary under CALCRIM No. 1700, as follows: "A person enters a building if some part of his or her body or some object under his or her control penetrates the area inside the building's outer boundary." The court also instructed the jury that "[a] building's outer boundary includes the area inside a balcony" that is "attached to" an inhabited dwelling.

2

The jury convicted defendant of residential burglary, and the trial court sentenced him to six years in state prison.  The Court of Appeal reversed for instructional error.  Citing footnote 5 in *Valencia*, *supra*, 28 Cal.4th 1, 12, that an "unenclosed balcony" is not "part of a building's outer boundary," the Court of Appeal stated, without any explanation, that Deanda's private, second-floor, railing-enclosed balcony was "unenclosed," and that therefore defendant's entry onto that balcony did not constitute burglary.

## II.  THE CRIME OF BURGLARY

### A.  Common Law

Under the common law, burglary was an offense against a landholder's right of habitation.  (3 LaFave, Substantive Criminal Law (2d ed. 2003) p. 212; Perkins & Boyce, Criminal Law (3d ed. 1982) p. 255.)  The crime was defined as "the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony."  (3 LaFave, *supra*, at pp. 205-206.)  The word "dwelling" encompassed not only a building actually used for habitation but also any structure that was "within the curtilage or courtyard surrounding the house" and used in connection with the house.  (Perkins & Boyce, *supra*, at p. 259.)  The concern underlying the offense of burglary was that an intruder's entry into the curtilage of a dwelling would pose a "human risk," as "the dweller or some member of his household might hear a prowler" and then "go to investigate."  (*Id.* at p. 260.)

### B.  Statutory Law

In 1872, the California Legislature drew upon the common law concepts in codifying the crime of burglary.  Section 459 now states that a "person who enters any . . . building . . . with intent to commit . . . larceny or any felony is guilty of burglary."  Section 460 sets out two degrees of burglary:  Burglary of an inhabited dwelling (residential burglary) is burglary of the first degree.  (*Id.*, subd. (a).)  "All

other kinds of burglary are of the second degree." (*Id*., subd. (b).) As under the common law, however, the essence of burglary is " ' "an entry which invades a possessory interest in a building." ' " (*Valencia*, *supra*, 28 Cal.4th at p. 7; accord, *Magness v. Superior Court* (2012) 54 Cal.4th 270, 277.)

### III. THIS COURT'S *VALENCIA* DECISION

Because this court's 2002 decision in *Valencia*, *supra*, 28 Cal.4th 1, is central to the issue here, we discuss that case in some detail.

At issue in *Valencia* was whether an intruder's "penetration into the area behind a window screen" was an "entry" of a building sufficient to constitute burglary. (*Valencia*, *supra*, 28 Cal.4th at p. 3.) The defendant used a screwdriver to remove a bathroom window's screen and to pull back a bedroom window's screen, but he was unable to open either window. He was charged with residential burglary. (*Id*. at p. 4.)

At trial, over the defendant's objection, the trial court in *Valencia* gave the jury this instruction: " 'Any kind of entry, partial or complete, will satisfy the element of entry. The entry may be made by any part of the body or by use of an instrument or tool. In order for there to have been an entry, a part of the defendant's body or some instrument, tool or other object under his control must have penetrated the area inside where the screen was normally affixed in the window frame in question.' " (*Valencia*, *supra*, 28 Cal.4th at p. 5, italics omitted.) The jury found the defendant guilty of residential burglary. (*Ibid.*)

The Court of Appeal in *Valencia* reversed because of instructional error. (*Valencia*, *supra*, 28 Cal.4th at p. 5.) It held that the defendant's removal of a window screen and his pulling back of another window screen, without succeeding in opening either window, was not an entry into the residence and therefore no burglary was committed. (*Ibid*.) The defendant's crime, the Court of Appeal said, was no more than *attempted* residential burglary. (*Id*. at p. 6.)

4

In reversing the Court of Appeal, this court in *Valencia* stated that the defendant did *enter* the house by "penetration into the area behind" the two window screens in question. (*Valencia*, *supra*, 28 Cal.4th at p. 12.) *Valencia* observed that ordinarily a dwelling consists of walls, doors, windows, and a roof, architectural components marking the dwelling's "outer boundary." (*Id*. at p. 11.) But, *Valencia* added, when in a particular case it is not readily apparent what the dwelling's outer boundary is, a "reasonable belief test" should be applied. (*Ibid*.) Under that test, the pertinent inquiry is whether the architectural component in question "encloses an area into which a reasonable person would believe that a member of the general public could not pass without authorization" (*ibid.*), which is a legal question for the court rather than a factual question for the jury (*id.*, at p. 15). In a footnote, *Valencia* stated that "the reasonable belief test necessarily refers only to an element of a building that reasonably can be viewed as part of *the building's* outer boundary," and that "[t]he test does not encompass any feature that is not such an element, such as a lawn, courtyard, unenclosed patio, or *unenclosed balcony* that may be located in front of or behind a building . . . ." (*Valencia*, *supra*, 28 Cal.4th at p. 12, fn. 5, second italics added.)

Here, the Court of Appeal reversed defendant's burglary conviction for instructional error based on the trial court's jury instruction that "a building's outer boundary includes the area inside a balcony." Although the Court of Appeal relied on *Valencia*'s statement in footnote 5 that an "unenclosed balcony" could not reasonably be viewed as marking a building's "outer boundary" (*Valencia*, *supra*, 28 Cal.4th 1, 11), it described that statement as mere "dictum." Turning to the facts of this case, the Court of Appeal said that Deanda's second-floor, railed-in balcony was "unenclosed," giving no reason for that conclusion. That conclusion led the court to hold that, as a matter of law, the balcony did not mark the outer boundary of Deanda's second-floor apartment unit.

5

The Court of Appeal here was correct in describing as dictum the reference to an "unenclosed balcony" in *Valencia*'s footnote 5. Because *Valencia*, *supra*, 28 Cal.4th 1, pertained to a defendant's entry of a building by pulling back two window screens and had nothing to do with a balcony, no need existed there for a reference to an "unenclosed balcony." (See *People v. Vang* (2011) 52 Cal.4th 1038, 1047, fn. 3 [defining dictum as a comment " 'unnecessary to the decision in the case' "]; *Klein v. United States of America* (2010) 50 Cal.4th 68, 85 [same].) Moreover, *Valencia* never explained what it meant by an "unenclosed" balcony. A balcony generally is surrounded by a railing, and to that extent is enclosed. (See American Heritage Dict. (4th ed. 2000) p. 135 [A balcony is a "platform that projects from the wall of a building and is surrounded by a railing, balustrade, or parapet."]: Webster's 3d New Internat. Dict. (2002) p. 165 [A balcony is "an unroofed platform projecting from the wall of a building, enclosed by a . . . railing."].) Because the statement in *People v. Valencia*, *supra*, 28 Cal.4th 1, 12, footnote 5 pertaining to an "unenclosed balcony" was not necessary to its holding and may engender confusion, we disapprove it as ill-considered dictum. (See *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 968 [disapproving dictum]; accord, *People v. Lessie* (2010) 47 Cal.4th 1152, 1168 [same].)

The Court of Appeal here disagreed with *People v. Jackson* (2010) 190 Cal.App.4th 918. That case, like this one, involved an unauthorized entry onto an apartment's private balcony. Applying the "reasonable belief test" from *Valencia*, *Jackson* concluded that the apartment's balcony in question comprised "an area into which a reasonable person would believe that 'a member of the general public could not pass without authorization,' " and thus that an intruder's entry onto that area would be burglary. (*Jackson*, *supra*, at p. 925, quoting *Valencia*, *supra*, 28 Cal.4th 1, 11.)

We need not apply *Valencia*'s reasonable belief test, however, to decide whether an unauthorized entry onto a second-floor apartment's private balcony

with the requisite criminal intent will constitute burglary. Whenever a private, residential apartment and its balcony are on the second or a higher floor of a building, and the balcony is designed to be entered only from inside the apartment (thus extending the apartment's living space), the balcony is part of the apartment. The railing of such a balcony marks the apartment's "outer boundary" (*Valencia*, *supra*, 28 Cal.4th at p. 11), any slight crossing of which is an entry for purposes of the burglary statute.

Our holding here that a second floor apartment's balcony is part of the apartment when the balcony is designed to be entered from and offers an extension of the apartment's living space was not fully reflected in the trial court's jury instruction. In telling the jury simply that "[a] building's outer boundary includes the area inside a balcony" that is "attached to" an inhabited dwelling, the instruction's language was overbroad. Defendant, however, was not prejudiced, because the balcony at issue here met our stated criteria: The one-bedroom unit in which Salvador Deanda lived with his family was on the second floor. Through the bedroom's sliding glass door, the Deanda family could enter onto a three-by-five-foot private balcony, which was surrounded by a metal railing some four feet high. The balcony was designed to be accessed only from the Deandas' apartment, extending their apartment's living space. On these facts, we conclude that a properly instructed jury would not have reached a different verdict.[1]

---

[1]     We reject defendant's contention that affirming his burglary conviction would be an " 'unforeseeable judicial enlargement' " of California's burglary statute. (See *People v. Wharton* (1991) 53 Cal.3d 522, 586; *Bouie v. City of Colombia* (1964) 378 U.S. 347, 353-354.) We have never held that an intruder's entry onto a second floor apartment's private balcony, as occurred here, could not constitute the crime of burglary.

## DISPOSITION

The judgment of the Court of Appeal is reversed.

KENNARD, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

8

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Yarbrough

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 193 Cal.App.4th 921
**Rehearing Granted**

_____

**Opinion No.** S192751
**Date Filed:** July 19, 2012

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Ronald S. Coen

_____

**Counsel:**

Laura S. Kelly, under appointment by the Supreme Court, and Linda Charman Hayes, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka and Lance E. Winters, Assistant Attorneys General, Blythe J. Leszkay, Susan Sullivan Pithey, Lawrence M. Daniels and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Laura S. Kelly
4521 Campus Drive, #175
Irvine, CA  92612
(949) 737-2041

David Zarmi
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 576-1336