Filed 7/22/13  In re Rhonda M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re RHONDA M., a Person Coming Under the Juvenile Court Law. | B240717 |
| | (Los Angeles County Super. Ct. No. NJ23718) |
| THE PEOPLE, Plaintiff and Respondent, v. RHONDA M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Fumiko Wasserman, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Rhonda M. appeals from an order declaring her a ward of the court and directing her into the Harbor View Adolescent Center after finding she had committed first degree burglary. Rhonda contends there was insufficient evidence she aided and abetted the commission of the offense. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Juana Enciso was outside her house and saw Rhonda, then 16 years old, and a boy, later identified as Rhonda's cousin, approach the house of Carmina Tostado, who lived across the street. The boy knocked on the front door while Rhonda stood next to him on the porch. When no one answered, the boy climbed into the house through a window; and Rhonda turned and entered the front yard where she began walking around and looking in all directions, "as if she was watching out."

Enciso's son telephoned the police. Rhonda started to walk away from the Tostado house as Los Angeles County Sheriff's deputies were responding. Deputy Edgar Bonilla saw Rhonda standing on the front porch and the boy coming out of a window. Both were taken into custody.

Notified of the burglary, Tostado arrived to find her house had been ransacked. Tostado told deputies she did not know either Rhonda or the boy and reported some earrings were missing from her daughter's bedroom.

At the close of the People's evidence the juvenile court denied a defense motion to dismiss the allegation for insufficient evidence pursuant to Welfare and Institutions Code section 701.1. Rhonda neither testified nor presented other evidence in her defense.

After hearing argument by counsel, the juvenile court sustained the petition, declared the offense a felony and found Rhonda to be a person described by Welfare and Institutions Code section 602. At the disposition hearing Rhonda was declared a ward of the court and ordered suitably placed at the Harbor View Adolescent Center with 90 days of predisposition credit.[1]

---

[1] The court calculated the maximum term of physical confinement as seven years, eight months, apparently based on Rhonda's earlier juvenile adjudications.

**DISCUSSION**

1. *Standard of Review*

The same standard governs review of the sufficiency of evidence in juvenile cases as in adult criminal cases: "[W]e review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.)

2. *Substantial Evidence Supports the Finding Rhonda Aided and Abetted the Commission of Residential Burglary*

A person who enters any building with the intent to commit larceny or any felony is guilty of burglary (Pen. Code, § 459; *People v. Yarbrough* (2012) 54 Cal.4th 889, 892.) Burglary of an inhabited dwelling (residential burglary) is burglary of the first degree. (Pen. Code, § 460, subd. (a).)

A person aids and abets the commission of a crime "when he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or

3

advice aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561; see also *People v. Valdez* (2012) 55 Cal.4th 82, 146-147.) An aider and abettor is a principal in the crime and shares the guilt of the actual perpetrator. (*People v. Prettyman* (1996) 14 Cal.4th 248, 259; *People v. McCoy* (2001) 25 Cal.4th 1111, 1116-1117.) Direct evidence of the defendant's mental state is rarely available and may be shown with circumstantial evidence. (*Beeman,* at pp. 558-559.) Whether a person has aided and abetted in the commission of a crime is a question of fact; on appeal all conflicts in the evidence and attendant reasonable inferences are resolved in favor of the judgment. (*In re Juan G.* (2003) 112 Cal.App.4th 1, 5; *People v. Campbell* (1994) 25 Cal.App.4th 402, 409.)

Mere presence at the scene and failure to prevent the crime, even with knowledge of the perpetrator's criminal purpose, do not amount to aiding and abetting (see *People v. Campbell, supra,* 25 Cal.App.4th at p. 409); but these factors, as well as companionship, conduct before and after the offense and flight, can be considered in determining a defendant's criminal culpability. (*In re Juan G., supra*, 112 Cal.App.4th at p. 5; *Campbell*, at p. 409; see *In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094.) Lookouts, getaway drivers and individuals present to divert suspicion are principals in the crime. (*People v. Swanson-Birabent* (2003) 114 Cal.App.4th 733, 743.)

Rhonda contends the evidence was insufficient she harbored the requisite intent or knowledge to aid and abet the residential burglary. In particular, she asserts it cannot be inferred from her behavior at the scene that she was acting as a lookout, as opposed to being merely present when the burglary occurred.

When viewed in the light most favorable to the juvenile court's findings, the evidence is sufficient to uphold the court's order sustaining the petition. Rhonda accompanied her cousin to the house and initially stayed with him on the porch. When no one answered the front door, they separated: Her cousin entered the house through a window, and Rhonda walked around the front yard, looking in all directions. The juvenile court could reasonably conclude their coordinated action and Rhonda's continual watchfulness while her cousin ransacked the residence demonstrated a common purpose

4

to effect the burglary.  (See *People v. Campbell, supra,* 25 Cal.App.4th at p. 409; see also *People v. Montoya* (1994) 7 Cal.4th 1027, 1043 [a person who makes "it more likely that the crime will be successfully completed than would be the case absent such participation . . . logically should be liable as an aider and abettor"].)

**DISPOSITION**

The order is affirmed.




                                        PERLUSS, P. J.

We concur:



WOODS, J.



ZELON, J.