Filed 2/11/15  P. v. Hedgecock CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>RACHELLE HEDGECOCK,<br><br>      Defendant and Appellant. | D064977<br><br><br><br>(Super. Ct. No. SCD228615;<br>                    SCE330151) |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson, Lynne McGinnis and Ryan H. Peeck, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Rachelle Anne Hedgecock of burglary. (Pen. Code,[1] § 459.) It found true allegations that the building was inhabited (§ 460) and another person other than an accomplice was present in the residence during the commission of the crime. (§ 667.5, subd. (c)(21).) The court sentenced Hedgecock to three years in state prison in this case and to a concurrent three-year term on a related probation violation.

Hedgecock contends the evidence was not sufficient to support the conviction because she did not act with the intent to commit theft. We affirm the judgment.

FACTUAL BACKGROUND

*Prosecution Case*

At around 8:00 a.m. on May 19, 2013, Shaun Richardson was awakened by a loud noise at his residence on Riverdance Court in Alpine. From his upstairs bedroom window, he saw Hedgecock standing outside holding a pair of scissors. He asked her what she was doing there. She replied she was looking for a woman and mentioned a name but Richardson was unsure of the name. He went downstairs and noticed that two of his window screens had been cut and removed. Richardson had lived at the residence since 2009 but had never seen Hedgecock before. He called the sheriff's department.

San Diego County Sheriff's Department Detective Richard Bolter reported to the scene and detained Hedgecock near Richardson's home. Hedgecock had a pair of scissors in her bag. She said she had been looking for her niece named Jessica.

---

[1]     Statutory references are to the Penal Code.

*Defense Case*

James Danielson, Hedgecock's father, testified Hedgecock had telephoned him on either May 18 or 19, 2013, asking for a shower and possibly a meal.

Jessica Vanderbilt testified that for 18 months, until 2008, she lived at the Alpine residence where Richardson lived at the time of the burglary. Approximately one year before the burglary, Vanderbilt told Hedgecock she had moved to a different house in the same general area. In either April or May 2013, Hedgecock had telephoned Vanderbilt, stating she needed a place to stay the night.

DISCUSSION

I. *Standard of Review*

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.] The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.] Although it is the jury's duty to acquit a defendant if it finds the circumstantial evidence susceptible of two reasonable interpretations, one of which suggests guilt and the other innocence, it is the jury, not the appellate court that must be convinced of the defendant's guilt beyond a reasonable doubt. [Citation.] ' "If the circumstances reasonably justify the trier of fact's

findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' " (*People v. Kraft* (2000) 23 Cal.4th 978, 1053-1054; see also *People v. Ceja* (1993) 4 Cal.4th 1134, 1139.)

In making our determination, we do not reweigh the evidence; the credibility of witnesses and the weight to be accorded to the evidence are matters exclusively within the province of the trier of fact. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790.) We will not reverse unless it clearly appears that on no hypothesis whatever is there sufficient substantial evidence to support the jury's verdict. (*People v. Redmond* (1969) 71 Cal.2d 745, 755; see also *People v. Stewart*, at p. 790; *People v. Olea* (1971) 15 Cal.App.3d 508, 513.)

## II. *Legal Principles*

Burglary is committed when a "person . . . enters any house, room, apartment . . . or other building . . . with intent to commit grand or petit larceny or any felony[.]" (§ 459; *People v. Montoya* (1994) 7 Cal.4th 1027, 1041; see *People v. Lawrence* (2000) 24 Cal.4th 219, 232-233.) It is settled that the essence of the offense is entry with the proscribed intent; such entry constitutes the completed crime of burglary regardless of whether any felony or theft actually is committed. (*People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18; see also *Montoya*, at pp. 1041-1042.) It does not matter whether a person who enters a house with larcenous or felonious intent does so through a closed door, an open door, or a window; the entry with the requisite intent constitutes the burglary. (*People v. Nunley* (1985) 168 Cal.App.3d 225, 231.)

4

"[I]n reviewing the sufficiency of evidence to support a burglary finding, the requisite intent is rarely demonstrated by direct proof, and as a result, may be inferred from facts and circumstances. [Citation.] As a result, evidence such as theft of property from a dwelling may create a reasonable inference that there was intent to commit theft at the time of entry." (*In re Leanna W.* (2004) 120 Cal.App.4th 735, 741; see *People v. Lewis* (2001) 25 Cal.4th 610, 643.)

However, an intent to steal may also be inferred from an unlawful entry without reasonable explanation of the entry (see *People v. Jordan* (1962) 204 Cal.App.2d 782, 786) or from flight after being discovered. (*People v. Frye* (1985) 166 Cal.App.3d 941, 947 [codefendant made an unauthorized entry into a vacant home at 1:00 a.m. and ran out the back door after a police officer yelled, " '[F]reeze' "; the "late hour and sudden flight upon discovery support the inference [he] entered with intent to steal"]; *People v. Lopez* (1967) 249 Cal.App.2d 93, 98.) Such intent may be inferred when the defendant is a stranger and enters a home at a late hour, without permission, and without announcing his intent. (*People v. Swenson* (1938) 28 Cal.App.2d 636, 639-640 [evidence was sufficient to prove a defendant entered a room with the intent to commit larceny because he entered the hotel room at 3:00 a.m. without authorization, knocking or giving a prior warning].) The intent to steal may be inferred from the totality of the facts and circumstances. (*Frye*, 166 Cal.App.3d at p. 947.) If the circumstances of a particular case and the conduct of the defendant reasonably indicate that his or her purpose in unlawfully entering a home is to commit larceny, a reviewing court will not disturb a guilty verdict on a burglary charge. (*Swenson*, 28 Cal.App.2d 636 at pp. 639-640.)

It is, of course, settled that a conviction cannot be based on mere speculation and conjecture. (*People v. Marshall* (1997) 15 Cal.4th 1, 35 ["mere speculation cannot support a conviction"]; *People v. Harvey* (1984) 163 Cal.App.3d 90, 105, fn. 7 ["Substantial evidence means more than simply one of several plausible explanations for an ambiguous event."].)

### III. *Analysis*

Hedgecock concedes that her cutting the screen to Richardson's house satisfied the "entry" element of the burglary statute under *People v. Valencia* (2002) 28 Cal.4th 1, 13-14, overruled on other grounds as stated in *People v. Yarbrough* (2012) 54 Cal.4th 889, 894. The evidence supporting the intent element of the burglary statute include that Hedgecock was a stranger to Richardson and did not ring the doorbell to be allowed inside; rather she cut the screen window open. Based on her phone call to her father around the date of the burglary, Hedgecock apparently wanted a place to shower or food to eat. The jury could reasonably infer that she entered Richardson's home looking for those things. Vanderbilt had told her she no longer lived at the address where Richardson lived, permitting an inference that Hedgecock knew her entry was without permission. Hedgecock also fled from the scene, indicating a consciousness of her guilt. It was the jury's duty to evaluate the evidence and counterarguments tending to support Hedgecock's claim of innocence. The jury did so and found Hedgecock guilty. We conclude sufficient evidence supports the jury's verdict.

DISPOSITION

The judgment is affirmed.


                                                                O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.


7