Filed 6/30/15  P. v. Jones CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAEVEON MONREAL JONES,<br><br>    Defendant and Appellant. | G050840<br><br>(Super. Ct. No. 11WF1240)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Daeveon Monreal Jones of residential burglary (Pen. Code, §§ 459, 460, subd. (a))[1] and found true an allegation that a nonaccomplice was present in the residence at the time of the burglary (§ 667.5, subd. (c)(21)). Defendant admitted he had suffered a prior serious and violent felony conviction (§§ 667, subd. (d), 1170.12, subd. (b)), also a residential burglary (§§ 667.5, subd. (c)(21), 1192.7, subd. (c)(18)). After declining to strike defendant's prior strike, the court sentenced defendant to nine years in prison. The sentence consisted of the low term of two years on the burglary conviction (§ 461, subd. (a)), an additional two years because the prior conviction required the base term to be doubled (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), and a consecutive five year enhancement based on the prior conviction (§ 667, subd. (a)(1)).

Defendant appealed the judgment and we appointed counsel to represent him. In her brief, counsel did not argue against defendant, but advised the court she was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given an opportunity to file written argument on his own behalf, and he did so, arguing there was insufficient evidence to support a burglary conviction and that his appellate attorney had provided ineffective assistance of counsel in her recitation of the operative facts in this appeal.

As explained below, we agree with counsel's assessment; there are no arguable appellate issues. We affirm the judgment.

## FACTS

Witnesses at trial included Chau Minh Nguyen, who resided at a home in Garden Grove, California (the Residence), and four police officers who played roles in

---

[1] All statutory references are to the Penal Code.

observing the conduct of defendant and/or investigating the incident at issue.  Defendant did not testify or call any witnesses in his defense.

On May 18, 2011, at approximately 9:30 a.m., Detective Marc King of the Los Angeles County Sheriff's Department was near the Residence.  He observed a vehicle along the curb in front of the Residence.  Two individuals, defendant and a Hispanic man, were inside the vehicle.  Defendant walked toward the front porch, where he remained for a minute or two, before walking to the side of the Residence and hopping over a wrought iron fence.  Three to five minutes later, defendant returned to the front yard and ran to his vehicle.  Defendant was holding "a black pry bar in his left hand with a yellow tip on it."  Defendant sat in the front passenger seat and the vehicle drove away at a high rate of speed.  Police cars pursued defendant and his companion until they were detained on Interstate 605.  The pry bar and a police scanner, recovered from the vehicle at the time of defendant's arrest, were introduced as exhibits at trial.

Nguyen and her daughter were at the Residence on the morning of May 18, 2011.  A Hispanic man knocked on her door at approximately 9:30 a.m.  Nguyen did not recognize him so she did not answer the door.  The individual walked away briefly, then returned to knock again.  The person who knocked returned to a car parked on the street, moved it in front of the Residence, then looked around.  A black man, identified by King's testimony as defendant, jumped over her fence.  While Nguyen was talking to police on the phone, she saw defendant walking near her house.  Nguyen heard a loud pounding noise, then saw the man insert his head inside a window frame and look inside through the glass.  The window screen had been removed, but the glass window remained locked in place.  Nguyen has a sliding glass door in her backyard.  It was open after the man fled, but she could not recall at trial whether the man opened it or she opened it.  She did not see the intruder holding a pry bar.

Jose Mejia, another Los Angeles County detective, was also near the Residence at the time of the events at issue.  After defendant and his companion fled,

3

Mejia immediately went into the backyard of the Residence and observed a window with a screen removed and a sliding door that had been pried open. Mejia noticed pry marks on the sliding door "on the metal part of it."

Officer Roger Flanders of the Garden Grove Police Department interviewed Nguyen and her daughter after the incident. Nguyen told Flanders that the screen was intact and the sliding door was closed and locked prior to the presence of defendant on her property. Nguyen's daughter acted as a translator for some of this interview, as Flanders does not speak Vietnamese. Flanders also personally observed that a window screen had been removed and a door had been pried open. Having looked at the pry bar recovered from the vehicle in which defendant fled, Flanders opined that there appeared to be "paint transfer" from the Residence to the pry bar.

The jury was instructed as to burglary and the lesser included offense of attempted burglary. The burglary instruction stated, in relevant part: "Under the law of burglary, a person enters a building if some part of his or her body or some object under his or her control penetrates the area inside the building's outer boundary. [¶] A building's outer boundary includes the area inside a window screen." The jury was also provided with a unanimity instruction. The prosecutor argued in closing argument that entry occurred through the window and/or through the sliding door, and pointed out to the jury that they needed to unanimously agree as to which of these entries occurred. Defense counsel's primary argument was that entry had not been proven beyond a reasonable doubt, and that defendant should be convicted of attempted burglary rather than burglary.

The jury reached their verdict on the afternoon of October 30, 2013. Defendant, out of custody at the time of his trial, could not be located. The court afforded defense counsel time to track down defendant and made inquiries to court staff as to whether defendant had contacted them. The court found defendant "intentionally absented himself or voluntarily absented himself from these proceedings." The court

4

found that the trial could proceed in defendant's absence pursuant to section 1043, subdivision (b)(2).

As explained above, defendant was convicted of residential burglary by the jury. Before trial, defendant requested bifurcation of the prior conviction allegations. In making this request, defendant waived his right to a jury trial on this question. After his conviction (and after he had been located), defendant waived his right to a court trial on the prior conviction allegations, admitting that he "suffered a prior conviction of a residential burglary in Los Angeles" in November 2008. Defendant admitted this prior conviction after being informed by the court of his rights: "You still have a court trial. You have a right to confront and cross-examine any witness that would be called to testify against you or to confront any evidence that is admitted into court. You have a right to present evidence in your own behalf. You have a right to use the subpoena power of the court. You have a right to choose to either testify in your own defense or remain absolutely silent." Defendant agreed that he understood those rights.

As already explained, the court declined to strike defendant's prior strike, then sentenced defendant to nine years in prison.

DISCUSSION

Defendant raises two interrelated issues in his supplemental brief. First, he claims there is insufficient evidence to support his burglary conviction, specifically with regard to the requirement of entry. Defendant points to supposed ambiguities and inconsistencies in the evidence presented by the prosecutor at trial, such as: (1) Nguyen identifying the knocker as a Hispanic man while King testified that defendant walked to the door; (2) only one of the witnesses saw defendant with a pry bar in his hand; and (3) although multiple photographs of the crime scene were admitted into evidence, there was no photograph of the window screen that was supposedly removed by defendant.

5

Defendant claims his appellate counsel's brief violated his right to effective assistance of counsel because it did not emphasize these ambiguities in the record or argue that defendant's conviction should be reversed (or reduced to attempted burglary).

First degree burglary consists of (1) entry into an inhabited dwelling, (2) with the intent to commit theft or a felony. (§§ 459, 460, subd. (a).) A minimal penetration of the perimeter of a building amounts to an entry. (See *People v. Valencia* (2002) 28 Cal.4th 1, 3-4, disapproved on other grounds in *People v. Yarbrough* (2012) 54 Cal.4th 889, 894 ["penetration into the area behind a window screen amounts to an entry of a building . . . when the window itself is closed and is not penetrated"].)

"Our task in deciding a challenge to the sufficiency of the evidence is a well-established one. '[W]e review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence — that is, evidence that is reasonable, credible, and of solid value — from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] In cases in which the People rely primarily on circumstantial evidence, the standard of review is the same. [Citations.]' [Citation.] '"An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise."'" (*People v. Solomon* (2010) 49 Cal.4th 792, 811-812.)

Defendant's arguments are based on a misapprehension of the role of appellate courts in reviewing a conviction for substantial evidence. Clearly, there was substantial evidence that would support the jury finding that defendant entered Nguyen's residence by (1) removing the window screen and sticking his head inside the area behind the window screen; and/or (2) prying open the sliding door. The jury was presented with both of these theories and was instructed that they needed to be unanimous as to the theory of entry they selected. Counsel appropriately summarized the record to reflect the applicable standard of review. Defendant's arguments, which appear to be based on his trial counsel's closing argument, were made to the jury and rejected.

6

To assist the court in its independent review of the record (*Anders v. California* (1967) 386 U.S. 738), appointed counsel suggests we consider four issues: (1) whether there was sufficient evidence of defendant's intent to commit larceny before his entry into the residence; (2) whether defendant's constitutional rights were properly waived when he admitted a prior conviction; (3) whether the court erred when it accepted the verdict in defendant's absence; and (4) whether the court erred when it declined to strike defendant's prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

In addition to explicitly addressing the issues raised by defendant in his supplemental brief, we have independently reviewed the entire record, including portions applicable to the potential issues suggested by counsel, and we are unable to find an arguable appellate issue.

DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.

7