Filed 4/21/16  P. v. Prescott CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERROL STANLEY PRESCOTT,<br><br>    Defendant and Appellant. | B262754<br><br>(Los Angeles County<br>Super. Ct. No. YA091606) |

APPEAL from an order of the Superior Court of Los Angeles County. Victor L. Wright, Judge.  Affirmed.

Anthony J. Patti, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Daniel C. Chang, Deputy Attorney Generals, for Plaintiff and Respondent.

* * * * * *

Errol Stanley Prescott (defendant) appeals the trial court's order denying his petition to recall and resentence his second-degree vehicle burglary conviction (Pen. Code, § 459)[1] as a misdemeanor under Proposition 47 (§ 1170.18). We conclude there was no error, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In January 2015, defendant entered a plea to (1) second-degree burglary of a vehicle, a felony (§ 459), and (2) possessing a smoking device, a misdemeanor (Health & Saf. Code, § 11364.1, subd. (a)). He also admitted having six prior prison terms (Pen. Code, § 667.5, subd. (b)). The trial court sentenced defendant to a total sentence of eight years in prison, two years for the burglary count plus six consecutive one-year sentences for the prison priors.[2] The court imposed this eight years as a split sentence, with two years to be served in prison and the remainder to be served on mandatory community supervision (Pen. Code, § 1170, subd. (h)(5)).

The very next month, defendant moved to have his felony burglary conviction reduced to a misdemeanor pursuant to Proposition 47. The trial court denied the petition on the ground that second-degree burglary of a vehicle is not an offense reduced by Proposition 47.

Defendant now appeals.

## DISCUSSION

The voters enacted Proposition 47 in November 2014. (§ 1170.18.) The Proposition (1) redesignates as misdemeanors a handful of offenses previously defined as either felonies or "wobblers" (offenses that can be designated as felonies or misdemeanors), and (2) creates new misdemeanor offenses. (§ 1170.18, subd. (a); *People v. Chen* (2016) 245 Cal.App.4th 322, 326.) Those new and redesignated misdemeanor offenses are codified at sections 459.5, 473, 476a, 490.2, 496, and 666 and

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] It is not clear from the record on appeal what sentence the court imposed for the misdemeanor.

2

Health and Safety Code sections 11350, 11357, and 11377. (§ 1170.18, subd. (a).) By designating these offenses as misdemeanors, Proposition 47 applies prospectively to any of those crimes; the Proposition also applies retroactively in two situations: (1) persons "currently serving a sentence for a conviction" can "petition for a recall" of that sentence and for resentencing as a misdemeanor (*id.*, subds. (a) & (b)); and (2) persons who have "completed [their] sentence for a conviction . . . who would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense" can "file an application . . . to have the felony conviction . . . [re]designated as [a] misdemeanor[]" (*id.*, subds. (f) & (g)). (See *People v. Williams* (2016) 245 Cal.App.4th 458, 466-467 [noting that Proposition 47 authorizes just these two types of retroactivity].) (Proposition 47 does not extend to offenders with certain disqualifying prior criminal convictions (§ 1170.18, subd. (i)), but defendant is not such an offender.)

Defendant argues that the trial court erred in determining he was ineligible for a recall and resentencing on his second-degree vehicular burglary conviction. We conclude there was no error. Burglary itself—defined by section 459—is not one of the offenses amended by Proposition 47, and thus defendant's burglary conviction is presumptively unaffected by the Proposition. (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*) [noting that "(a)ttempted burglary of a motor vehicle (under section 459) has not been reduced to a misdemeanor under the plain language of (Proposition 47)"].) Defendant nevertheless appears to make four arguments that Proposition 47 still applies to him. All of them turn on questions of law, which we review de novo. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166 [statutory construction]; *In re Taylor* (2015) 60 Cal.4th 1019, 1035 [application of constitutional law to facts].)

First, defendant asserts that his offense is analogous to other misdemeanor offenses elsewhere covered by Proposition 47—namely, shoplifting (§ 459.5) and petty theft (§ 490.2). Proposition 47 created the new misdemeanor crime of shoplifting, and defines it as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, [and] where the value of the property that is taken or intended to be taken does not exceed [$950]." (§ 459.5.)

3

Defendant's crime does not fit within this definition because he burglarized a vehicle, not a "commercial establishment." Proposition 47 also created a new petty theft crime, and defines it as "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed [$950]." (§ 490.2, subd. (a).) Defendant's vehicular burglary does not fit within this definition because "the crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery and carjacking." (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 536.) What is more, as to either of these offenses, it was defendant's burden to demonstrate that the value of the property he took was less than $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) He never did, so his analogy to these other offenses fails for this reason as well.

Second, and relatedly, defendant contends that Proposition 47 is aimed at "maximizing alternatives for *nonserious, nonviolent* crime" by reducing such crimes to misdemeanors (Voter Information Guide, Gen. Elect. (Nov. 4, 2014) text of proposed law, § 2, p. 70), and that we should consider Proposition 47 as applying to second-degree vehicular burglary because it is less risky than the first-degree burglary of an inhabited dwelling (e.g., *People v. Cruz* (1996) 13 Cal.4th 764, 775 [noting how first-degree burglary involves a greater "perceived danger of violence and personal injury"]; *People v. Yarbrough* (2012) 54 Cal.4th 889, 892 [same]). Defendant's argument places more weight on the voters' general intent than on the specific language of the statute the voters ultimately adopted. This is impermissible where the language of the statute, as it is here, is clear and unambiguous. (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 300 ["'(i)f the '"language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's (or voters') intent is unnecessary"'"].)

Third, defendant argues that Proposition 47 violates equal protection because the Proposition always subjects a car *burglar* to felony punishment but allows a car *thief* to be sentenced to a misdemeanor if the car is worth less than $950. Given how few cars are worth less than $950 in 2016, we question how often this alleged disparity will actually arise. But even if this disparity in treatment does sometimes exist, it does not violate equal protection. Proposition 47 does not involve a suspect class. It also does not

4

implicate a fundamental right. Defendant cites language in *People v. Olivas* (1976) 17 Cal.3d 236, 239, for the proposition that imprisonment implicates the fundamental right of liberty, but ignores that our Supreme Court has given that language in *Olivas* a narrow interpretation and now holds that "[a] criminal defendant has no vested interest "'in the specific term of imprisonment or in the designation a particular crime receives.'"'" (*People v. Turnage* (2012) 55 Cal.4th 62, 74, quoting *People v. Wilkinson* (2004) 33 Cal.4th 821, 836; *People v. Ward* (2005) 36 Cal.4th 186, 218.) We accordingly apply rational basis scrutiny, and Proposition 47 survives this scrutiny because the voters may rationally decide to take a one-step-at-a-time approach to reducing less aggravated felonies to misdemeanors. (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1312-1313; *People v. Cooper* (1996) 43 Cal.App.4th 815, 829.) We are not alone in this conclusion, as the Court of Appeal in *Acosta* recently rejected an identical equal protection claim. (*Acosta*, *supra*, 242 Cal.App.4th at pp. 527-528.)

Lastly, defendant argues that his counsel was constitutionally ineffective for submitting on his petition for Proposition 47 relief rather than presenting oral argument to the trial court. A defense attorney is constitutionally ineffective only if he engages in deficient performance that prejudices the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) Because defendant's Proposition 47 petition lacks merit, the attorney did not act deficiently in declining to argue the meritless motion and any deficiency did not prejudice defendant.

## DISPOSITION

The order denying relief under Proposition 47 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ

5